IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr390

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>REECO SALAVES MEEKS (9) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant to correct his sentence to impose a concurrent sentence with a related state sentence and to grant credit for time spent is state custody prior to his federal arrest. (Doc. No. 195).

Rule 35 of the Federal Rules of Criminal Procedure allows the Court to correct a sentence within seven days of sentencing for clear error. The defendant asserts, and the government agrees, that the Court erred in ruling during the sentencing hearing on September 26, 2006, that it lacked the authority to sentence the defendant below the statutory mandatory minimum by running the sentence concurrently and/or granting credit for time spent in state custody prior to his federal arrest.[1] (Doc. No. 283: TR at 12). Several U.S. Courts of Appeals have found that district courts may adjust a sentence, pursuant to USSG §5G1.3, to achieve an aggregate sentence equal to the statutory mandatory minimum when combined with credit for time spent in state custody.[2] United

---

[1] The offense originally called for mandatory life imprisonment, but the government amended its 21 U.S.C. § 851 notice in recognition of the defendant's substantial assistance. (Doc. No. 193).

[2] In United States v. Stringfield, 32 F.3d 563, at *1 n.6 (4th Cir. Aug. 8, 1994) (unpublished), the Fourth Circuit noted that the district court imposed a 36 month sentence, with credit for 24 months in state custody, to achieve a 60-month mandatory minimum sentence pursuant to USSG §5G1.3, comment n.2. The sentence was vacated for other reasons, but the court did not criticize the adjustment.

States v. Rivers, 329 F.3d 119 (2d Cir. 2003); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000); United States v. Dorsey, 166 F.3d 558, 562 (9th Cir. 1995); United States v. Kiefer, 20 F.3d 874, 876-77 (8th Cir. 1994). Accordingly, the Court finds that it has the authority to reconsider the defendant's sentence.

The considerations for sentencing detailed in 18 U. S. C. § 3553(a) include promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes of the defendant. They also include policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(5); United States v. Green, 436 F.3d 449, 455 (4th Cir. 2006). Here, the Court is persuaded that the sentence should be adjusted according to USSG §5G1.3 to account for the time the defendant has spent in state custody for the same conduct at issue in the federal case. The resulting advisory guideline sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing. The defendant has a significant criminal history, and has not conformed his conduct even when under conditions of supervision. His drug trafficking and firearms convictions establish the need to protect the public from further crimes of the defendant. The advisory guideline sentence of the statutory mandatory minimum of twenty years' imprisonment, served concurrently with the state conviction for the same offense, and with credit for time in state custody[3], will shield the public for an adequate period of time, and provide the defendant the opportunity to address his need for educational, vocational, substance abuse improvement.

---

[3]The defendant began serving the related state sentence on March 16, 2005. (Doc. No. 195: Motion at Exhibit 1). He was arrested on the federal charge on January 9, 2006. (Doc. No. 89: Executed Arrest Warrant). Thus, the time spent in state custody for the same offense was 299 days.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED**, and the sentence of imprisonment stated at the defendant's hearing on September 26, 2006, will be corrected on a judgment to be issued consistent with this Order.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: June 15, 2007

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge