IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-473
(3:05-cr-390)

| | | |
|---|---|---|
| RECCO SALAVES MEEKS | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1) and the Government's Response and Motion to Dismiss, (Doc. No. 9, 10). For the reasons that follow, Petitioner's motion will be dismissed.

I. BACKGROUND

On November 14, 2005, Petitioner and others were indicted for conspiracy to possess with intent to distribute at least fifty grams of cocaine base and at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One).[1] (Case No. 3:05-cr-390, Doc. No. 7). The Government filed notice of four prior drug convictions to enhance his statutory penalties, pursuant to 21 U.S.C. § 851. (Id., Doc. No. 36).

Petitioner entered a plea agreement in which he admitted responsibility for between fifty and 150 grams of cocaine base. (Id., Doc. No. 143 at 2). Additionally, he acknowledged that he faced a mandatory sentence of life imprisonment. (Id. at 1). Petitioner waived his right to

---

[1] The indictment was later superseded, but the charge against Petitioner was not altered. (Case No. 3:05-cr-390, Doc. No. 56).

1

contest his conviction or sentence collaterally, except for claims of ineffective assistance of counsel or prosecutorial misconduct.[2] (Id. at 4).

A magistrate judge conducted Petitioner's Plea and Rule 11 hearing and placed him under oath. (Case No. 3:05-cr-390, Doc. No. 148: Acceptance and Entry of Guilty Plea at 1). The magistrate judge explained the elements of the charge, with its minimum and maximum penalties, and Petitioner stated that he understood them. (Id. at 2). The Government recited the terms of the plea agreement, which Petitioner confirmed that he understood. (Id. at 4). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowing and voluntary. (Id. at 5).

Prior to sentencing, counsel filed an objection to the § 851 notice arguing that a life sentence would violate the Due Process, Double Jeopardy, and Cruel and Unusual Punishment clauses of the Constitution. (Case No. 3:05-cr-390, Doc. No. 191). The Government, however, modified the § 851 notice to remove three of the prior convictions in recognition of Petitioner's assistance to law enforcement. (Id., Doc. No. 193 at 1). Thus, he faced a statutory mandatory minimum of twenty years' imprisonment and a maximum of life. (Id., Doc. No. 283: Sent. Hr'g Tr. at 4-5). The Court imposed the minimum sentence, (Id. at 9), but later reduced it to account for time spent in state custody, (Case No. 3:05-cr-390, Doc. No. 280: Order at 1), resulting in a sentence of 230 months and six days to be served concurrently with a related state sentence, (Id., Doc. No. 286: Judgment at 2). Judgment was entered on June 15, 2007. (Id. at 1).

Petitioner did not appeal; rather, he filed the instant motion on July 30, 2012, contending his sentence was improperly enhanced based on a conviction no longer considered a felony, in

---

[2] The Government has not sought enforcement of the waiver in this proceeding.

light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1: Motion at 6). He claims his motion is timely because the Simmons decision created a new fact that could not have been discovered at the time of his sentencing and that it would be unconscionable to enforce § 2255's limitations period against him. (Id. at 12). The Government responds that Petitioner's motion is untimely and that it is not unconscionable to enforce the limitation period because one of the withdrawn convictions in the § 851 notice involved a sentence of thirty-five to forty-two months for trafficking cocaine. (Doc. No. 9: Response at 1, 4).

II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

  A.    Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)    A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about June 25, 2007, when he did not file a direct appeal. See Clay v. United States, 537 U.S. 522, 525 (2003). The United States Court of Appeals for the Fourth Circuit's en banc decision in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) makes it clear that Petitioner's § 2255 motion, filed on July 30, 2012, is untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging predicates used to trigger sentencing enhancements was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Id., 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4)); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[3] Therefore, Petitioner is clearly not entitled to relief on this untimely claim.

Even considering Petitioner's argument for equitable tolling, such is only appropriate, "in

---

[3] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and a gross injustice would result.'" Id. at 184 (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Here, Petitioner entered a guilty plea knowing he faced a mandatory life sentence. (Case No. 3:05-cr-390, Doc. No. 143: Plea Agreement at 1). The Government intended to reward Petitioner's assistance to law enforcement by withdrawing all but one prior felony drug trafficking conviction, reducing his mandatory sentence to 240 months. (Id., Doc. No. 193 at 1). If the Government had predicted the reversal of precedent by Simmons, it could have designated Petitioner's 2005 thirty-five to forty-two month sentence for trafficking cocaine, (Id., Doc. No. 490: Presentence Report ¶ 32), as the remaining predicate. Therefore, because he received the benefit of his bargain with and assistance to the Government, no injustice results from enforcing the limitation period.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1, is **DISMISSED with prejudice**;

2. the Government's Motion to Dismiss, (Doc. No. 10), is **GRANTED**; and

3. pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the

petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 14, 2015

Robert J. Conrad, Jr.
United States District Judge